IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MARCELLE SANTIAGO, | : |
| Plaintiff, | : |
| VS. | : 1:04-CV-138 (WLS) |
| Lieutenant FAUST, Officers ESKEW, GASS, SHEDRICK, and ADAMS, | : |
| Defendants. | : |

**O R D E R**

This is a section 1983 action brought by a former detainee at the Dougherty County Georgia Jail. Plaintiff has requested appointed legal counsel to represent him in the above-styled proceeding brought pursuant to 42 U.S.C. § 1983. Generally speaking, no right to counsel exists in § 1983 actions. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. Thus far, the

plaintiff has clearly set forth his claims.  The court on its own motion will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's motion for appointment of counsel is **DENIED** at this time.

**SO ORDERED**, this 14th day of December 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE