IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARCELLE SANTIAGO,

       Plaintiff,

VS.                                         1:04-CV-138 (WLS)

Lieutenant FAUST, Officers ESKEW, GASS,
SHEDRICK, and ADAMS,

       Defendants.

# O R D E R

This is a section 1983 action brought by a former detainee at the Dougherty County Georgia Jail. Presently pending is plaintiff's Motion to Compel Production of Documents. This motion is not accompanied by a certificate of service showing service upon defense counsel as required by Fed. R. Civ. P. 5, which fact standing alone would justify a denial of the motion. However, defense counsel has filed a response to the motion. The court will therefore consider the motion.

Fed. R. Civ. P. 37(a)(2) provides that "[t]he motion [to compel discovery] must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." In his reply to the defendants' response to the motion plaintiff avers that he has made such a certification, however a thorough and complete reading of the motion clearly shows that no certification is contained in the motion.

Defendants also maintain that the plaintiff has not previously requested the documents identified in his motion via a request for production of documents and that therefore his motion should be denied as untimely. Plaintiff replies that he did serve upon the defendants a request

for production of these documents on July 11, 2005.  Appended to another pending motion filed by the plaintiff on November 3, 2005, is a certification by plaintiff that the attached copies of discovery documents have been used in [these] proceedings.  Attached to that certification is a copy of Defendants' Responses to Plaintiff's First Continuing Interrogatories and Request for Production of Documents.  In accordance with Local Rule of this Court 33.1 this document contains typed interrogatories and request for production of document propounded by plaintiff and the defendants' responses thereto.  The only request for production of documents contained within that document states as follows: "A complete copy of each document and/or report relied upon by you or referred to or identified in your responses to Plaintiff's First Continuing Interrogatories to you."  This is a completely different request than the numerous documents sought to be produced in plaintiff's motion to compel.  Thus, this record contains no proof that the documents identified in plaintiffs motion to be ordered produced have heretofore been requested of defendants.  Finally, the introductory sentence of plaintiff's motion to compel states, "Plaintiff Marcelle Santiago pursuant to Rule 34(b) and 37(a) F.R.C.P. moves this court for an order compelling the defendants to produce for inspections and copying the documents request [sic] on August 22, 2004.  This sentence certainly may be interpreted as meaning the documents requested in the motion to compel were first requested on August 22, 2004, the date the plaintiff filed his motion.

      Absent the mandatory good faith certification and a showing that the identified documents have been previously requested in a request for production of documents the plaintiff's Motion to Compel is **DENIED.**

      SO ORDERED, this 15th  day of December 2005.

                                          _____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE