IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MARCELLE SANTIAGO, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 04-CV-138 (WLS) |
| Lieutenant FAUST, Officers EWKEW, GAS, SHEDRICK and ADAMS, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion for Summary Judgment, along with various motions filed by the plaintiff. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. In his complaint, the plaintiff maintains that while he was confined at the Dougherty County Jail in 2004, he was attacked on two (2) separate occasions by two (2) individual inmates, after the plaintiff had warned jail officials that these inmates were likely to attack him.

*Background*

The remaining defendants herein, Officer Eskew, Officer Gas, Officer Shedrick, Officer Adams, and Lt. Faust, were at all times relevant to this complaint corrections officers at the Dougherty County Jail. The plaintiff alleges that prior to the incarceration at issue, fellow inmate Kegler robbed the plaintiff at gunpoint and that at some point following their

incarceration at the Dougherty County Jail, Kegler verbally threatened the plaintiff. On March 23, 2004, Kegler assaulted the plaintiff, causing injuries to plaintiff's head and lower left side of his body. Plaintiff maintains that Officers Eskew and Gas were both made aware prior to the assault by Kegler of specific facts indicating that he posed a serious risk of harm to the plaintiff, yet failed to take reasonable steps to protect the plaintiff. In regard to the second attack, the plaintiff alleges that fellow inmate McClendon had terrorized plaintiff's family in July 2004, and that McClendon was thereafter incarcerated and placed in plaintiff's pod. Plaintiff alleges that he informed Officers Shedrick and Adams that McLendon had threatened plaintiff's family and that he feared for his safety. Plaintiff maintains that Shedrick and Adams assured plaintiff that only one of them would be allowed to leave their cell at any given time. However, on August 15, 2004, plaintiff was attacked by McLendon as plaintiff was leaving visitation, possibly breaking plaintiff's nose.

***Standard of review***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to

demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). The defendants have supported their claim with the affidavit of defendant Ken Faust.

In order to establish a claim of deliberate indifference to a serious risk of harm, a plaintiff must satisfy a two-step process. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Hudson v. Macmillian, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. "Thus, to survive summary judgment on his section 1983, Eighth Amendment claim, [the plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

The defendants maintain that there is no evidence of record to show that the plaintiff provided the defendants with specific facts to allow them to draw the inference that a substantial risk of serious harm existed or that defendants were deliberately indifferent to the plaintiff's protection. They further assert that the plaintiff has presented no evidence of record of significant harm in this action. In his affidavit, Lt. Faust states that he "was never made aware of

3

specific facts that would lead me to believe that a substantial risk of serious harm existed to Plaintiff while he was incarcerated in the Dougherty County Jail." Faust affidavit at ¶ 4. Faust further states that

> As for the first altercation on or about March 23, 2004, involving Cleveland Kegler, it was determined by jail personnel that inmate Kegler rigged his cell door and freed himself from his cell without jail personnel's knowledge. This allowed inmate Kegler and Plaintiff to engage in mutual combat. Both inmates received medical attention and disciplinary reports.
>
> As for the second altercation on or about August 15, 2004, involving Fabienne McClendon, it was determined by jail personnel that inmate McClendon was en route to visitation and he and Plaintiff began to talk to one another in what appeared to be a calm and non-aggressive manner. Jail personnel next observed the two inmates strike each other with closed fists. Both inmates were immediately separated and handcuffed. Both inmates were sent to medical and cleared to return to their pods.

Faust affidavit at ¶¶ 8, 9.

In response to the defendants' summary judgment showing, the plaintiff has submitted his affidavit and what purport to be affidavits from two (2) other individuals. In his affidavit, the plaintiff maintains that he

> repeatedly told Officers Shedrick and Adams and wrote request forms and letters to their superiors stating plaintiff fears for his life [regarding inmate McClendon]. . . . Officers Shedrick and Adams knew beforehand about the peril risk Plaintiff had with Kegler and McClendon and Officers were already told by plaintiff that McClendon terrorized his family on July 4th, 2004, that he was in the same gang Kegler was in and that McClendon and Kegler robbed plaintiff in the street.

Plaintiff's affidavit at pp. 2, 3.

The additional affidavits submitted by the plaintiff, from Sabrina Harris and Brenda Jones,

4

indicate that these individuals contacted the Dougherty County Jail and informed unidentified officials of a perceived threat to plaintiff's safety from inmates Kegler and McClendon. These affiants do not identify the officials to whom they spoke, other than as "supervisor", "captain", or "officer", nor do they provide any specific dates or time frames for their contact with jail officials.

In regard to plaintiff's claims that the defendants were deliberately indifferent to the risk posed by fellow inmates McClendon and Kegler, the plaintiff has failed to present sufficient evidence showing that the defendants subjectively knew about this risk and knowingly or recklessly ignored the risk. Farmer; 114 S. Ct. at 1976; Hale, 50 F.3d at 1583. In response to the defendants' summary judgment showing that they had no subjective knowledge of any substantial risk of serious harm from McClendon and Kegler toward the plaintiff, the plaintiff's only rebuttal evidence is his affidavit testimony that he told defendants Shedrick and Adams that he "fears for his life" regarding McClendon and Kegler, that McClendon had "terrorized" his family the previous July and that McClendon and Kegler had "robbed plaintiff in the street". In regard to the affidavits from other individuals, these statements do not identify to whom the individuals communicated, and the statements therefore do not provide a sufficient basis upon which to conclude that any of the defendants herein had sufficient knowledge of a serious risk of harm to the plaintiff. Based on the summary judgment record before the court, it does not appear that the plaintiff received or made the defendants aware of a specific threat of harm from the identified inmates, other than a general fear on the part of the plaintiff based on prior history. A similar set of facts formed the basis for the Eleventh Circuit's decision in McBride v. Rivers, 170 Fed. Appx. 648 (11th Cir. 2006). Therein, the inmate plaintiff asked not to be placed in a cell

with anybody with whom he had problems, and in regard to his cellmate, told officers that he did not want to be placed in the same cell because he feared for his life, and that "me and that dude had problems". Id. at 655. The court concluded that "[the plaintiff] did not identify a specific prior incident, from which the defendant could infer that substantial risk existed . . . [and thus the plaintiff] failed to show that the defendants had subjective knowledge of a risk of serious harm." Id. "[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature." Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

Moreover, the court notes that the plaintiff and the other inmates at issue were not housed in the same cell, but were simply housed in the same area, and that officers Shedrick and Adams believed and had told the plaintiff that he and the other inmates exited the area and their cells at different times, in direct contradiction to the plaintiff's unsupported contentions that these defendants knew of and disregarded a substantial risk of serious harm to the plaintiff. Based on plaintiff's own statements, these defendants believed that the plaintiff was not at risk at least in part based on the separate nature of the inmates' housing, and the plaintiff has failed to establish any other facts to indicate otherwise. As in Carter, "Defendants arguably should have placed Plaintiff elsewhere but 'merely negligent failure to protect an inmate from attack does not justify liability under section 1983'". Id. at 1350 (quoting Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)).

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States

6

District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Miscellaneous motions*

Plaintiff's Motion for Relief, Motion to Appoint Counsel, and Motion for Jury Trial are hereby **DENIED,** in light of the foregoing recommendation.

**SO ORDERED AND RECOMMENDED**, this 31st day of January, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE